# United States District Court
# Central District of California

| | |
|---|---|
| TEMPLE HOSPITAL CORPORATION, INC., <br><br>           Plaintiff, <br><br>     v. <br><br> ORALIA GOMEZ; UNITED HEALTHCARE SERVICES, INC.; DOES 1–50, <br><br>           Defendants. | Case No. 2:14-cv-01342-ODW(JEMx) <br><br> **ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

     On February 21, 2014, Defendant United HealthCare Services, Inc. removed this action to this Court, ostensibly invoking federal subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).  Plaintiff Temple Hospital Corporation, Inc. brings only state-law, breach-of-contract claims against Defendants.  But United argues that this action really arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") via the complete-preemption doctrine.  But after considering United's Notice of Removal and relevant case law, the Court **ORDERS** United to **SHOW CAUSE** why the Court should not remand this action for lack of subject-matter jurisdiction, as it does not appear that the complete-preemption doctrine applies under the facts presented.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566). A party may bring a remand motion whenever it appears a matter is not properly before a federal court. 28 U.S.C. § 1447(c).

Generally, the well-pleaded-complaint rule governs whether a case is removable. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Under this rule, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

A narrow exception to the well-pleaded-complaint rule exists: the complete-preemption doctrine. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). This doctrine only applies in a narrow class of cases in which the preemptive force of federal law is so "extraordinary" that federal law transmutes state common-law claims into federal ones. *Id*. The United States Supreme Court expounded the test for complete preemption: "Does the [federal provision] provide the exclusive cause of action for . . . claims against [defendants]? If so, then the cause of action necessarily arises

/ / /

under federal law and the case is removable.  If not, then the complaint does not arise under federal law and is not removable." *Beneficial Nat'l Bank*, 539 U.S. at 9.

The United States Supreme Court has held that the complete-preemption doctrine applies in some ERISA contexts. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67 (1987) (holding for the first time that the doctrine applies to suits brought under ERISA § 501(a), 29 U.S.C. § 1132(a)).  The Supreme Court subsequently expounded a two-pronged test to determine when ERISA complete preemption applies: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

This Court need not wade into the thicket of statutory and case-law interpretation to determine whether this case meets the *Davila* test.  In *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009), the Ninth Circuit decided a case with facts eerily similar to those presented here.  In *Marin General*, a hospital, seeking to confirm a patient's health-insurance coverage, received oral confirmation of coverage from a benefits administrator. *Id.* at 943.  The hospital then performed lumbar surgery on the patient. *Id.*  But the benefits administrator only paid out for a portion of the surgery, contending that the hospital was not entitled to any additional amount. *Id.*  The hospital consequently filed suit against, among others, the benefits administrator, alleging breach of oral contract and related claims. *Id.* at 944.

Reviewing the district court's dismissal, the Ninth Circuit applied the *Davila* test to determine whether complete preemption applied.  The court concluded that it did not.  First, the Ninth Circuit held that the hospital was not suing as an assignee of an ERISA plan participant or beneficiary, because any obligation to pay additional money stemmed from the alleged oral contract. *Id.* at 948.  Second, state contract law

provided the duty at issue—not ERISA. *Id.* at 949–50. That duty was therefore independent of ERISA and did not provide a basis for complete preemption. *Id.*

This case is factually and legally analogous to *Marin General*. Indeed, the two cases are virtually identical. The Court therefore **ORDERS** United to **SHOW CAUSE** by **Friday, March 7, 2014**, why the Court should not remand this action for lack of subject-matter jurisdiction. United shall respond in writing; no hearing will be held. Any other party to this action may file a simultaneous brief on the issue if it so desires. Failure to timely respond will result in automatic remand.

**IT IS SO ORDERED.**

February 24, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**