O
JS-6

cc: order, docket and remand letter to LASC

# United States District Court
# Central District of California

| | |
|---|---|
| TEMPLE HOSPITAL CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORALIA GOMEZ; UNITED HEALTHCARE SERVICES, INC.; DOES 1–50, <br><br> Defendants. | Case No. 2:14-cv-01342-ODW(JEMx) <br><br> **ORDER REMANDING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION** |

On February 21, 2014, Defendant United HealthCare Services, Inc. removed this action to this Court, ostensibly invoking federal subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). Plaintiff Temple Hospital Corporation, Inc. brings only state-law, breach-of-contract claims against Defendants. But United argues that this action really arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") via the complete-preemption doctrine. The Court ordered United to show cause why it should not remand the case for lack of subject-matter jurisdiction, as this action is virtually identical to the Ninth Circuit's decision in *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009). After reviewing the case law cited by United in its response, the Court finds

that it lacks jurisdiction and consequently **REMANDS** this action to Los Angeles County Superior Court, case number BC533761.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566). A party may bring a remand motion whenever it appears a matter is not properly before a federal court. 28 U.S.C. § 1447(c).

Generally, the well-pleaded-complaint rule governs whether a case is removable. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Under this rule, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

A narrow exception to the well-pleaded-complaint rule exists: the complete-preemption doctrine. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). This doctrine only applies in a narrow class of cases in which the preemptive force of federal law is so "extraordinary" that federal law transmutes state common-law claims into federal ones. *Id.* The United States Supreme Court expounded the test for complete preemption: "Does the [federal provision] provide the exclusive cause of action

for . . . claims against [defendants]? If so, then the cause of action necessarily arises under federal law and the case is removable. If not, then the complaint does not arise under federal law and is not removable." *Beneficial Nat'l Bank*, 539 U.S. at 9.

The United States Supreme Court has held that the complete-preemption doctrine applies in some ERISA contexts. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67 (1987) (holding for the first time that the doctrine applies to suits brought under ERISA § 501(a), 29 U.S.C. § 1132(a)). The Supreme Court subsequently expounded a two-pronged test to determine when ERISA complete preemption applies: "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

The Ninth Circuit applied the *Davila* test to a case virtually identical to this action. In *Marin General*, a hospital, seeking to confirm a patient's health-insurance coverage, received oral confirmation of coverage from a benefits administrator. 581 F.3d at 943. The hospital then performed lumbar surgery on the patient. *Id.* But the benefits administrator only paid for a portion of the surgery, contending that the hospital was not entitled to any additional amount. *Id.* The hospital consequently filed suit against, among others, the benefits administrator, alleging breach of oral contract and related claims. *Id.* at 944.

Reviewing the district court's dismissal, the Ninth Circuit applied the *Davila* test to determine whether complete preemption applied. The court concluded that it did not. First, the Ninth Circuit held that the hospital was not suing as an assignee of an ERISA plan participant or beneficiary, because any obligation to pay additional money stemmed from the alleged oral contract. *Id.* at 948. Second, state contract law provided the duty at issue—not ERISA. *Id.* at 949–50. That duty was therefore independent of ERISA and did not provide a basis for complete preemption. *Id.*

This action is nearly identical to *Marin General*. Temple Hospital alleges that United authorized Defendant Oralia Gomez's lumbar surgery. (Compl. ¶ 9.) United allegedly told Temple Hospital that it would cover the surgery as long as the hospital confirmed the surgery five business days in advance. (*Id.* ¶ 11.) Temple Hospital verified the authorization twice. (*Id.*) Several weeks later, United refused to pay any portion of Gomez's surgery because Gomez's health insurance had been terminated. (*Id.* ¶ 16.) Temple Hospital subsequently filed this action against United for breach of contract, promissory estoppel, and implied equitable indemnity. (Not. of Removal Ex. A.)

There is no indication in Temple Hospital's Complaint that United was an assignee of Gomez's ERISA plan benefits. Rather, Plaintiff alleges that United either breached an oral contract with Temple Hospital or it should be estopped from denying that it promised to pay for the surgery. These duties do not arise out of ERISA; instead, they sound wholly in state law.

In its response to the Court's Order to Show Cause, United relies heavily on the *Turnbow v. Tall Tree Administrators LLC*, No. 2:09-cv-02288-MCE-EFB (E.D. Cal. 2009). But that reliance is misplaced. In *Turnbow*, the court confronted a situation factually similar to Temple Hospital's action: a plan administrator refused to pay for a patient's surgery after orally approving it. *Id.* at *1. The plaintiff—the patient who received the surgery—filed suit against the administrator seeking to force payment for the benefit of the hospital. *Id.* The plan administrator filed a motion to dismiss for failure to state a claim. *Id.* at *1–2. The court applied the *Davila* test and found that the patient failed to adequately plead the existence of an oral contract and that she lacked standing as a putative third-party beneficiary to enforce the alleged administrator-hospital contract and circumvent ERISA preemption. *Id.* at *3–4.

But this case is legally distinguishable. Here, Temple Hospital seeks to enforce the alleged oral contract between itself and the plan administrator, which the patient is not suing herself. That postural difference bears directly upon the first *Davila* prong,

namely, whether the plaintiff could have brought its claim under ERISA § 501(a) to enforce its plan benefits. Temple Hospital is not a beneficiary under Gomez's ERISA plan; rather, the hospital at most benefited from an oral contract with United.

It is also premature for the Court to opine on the adequacy of Plaintiff's Complaint. In *Turnbow*, the plan administrator filed a Rule 12(b)(6) motion, thus necessitating that the court address the sufficiency of the plaintiff's complaint. But here, the Court is assessing subject-matter jurisdiction—a matter separate, though related, to the sufficiency of Temple Hospital's factual allegations. Whether Plaintiff has fully articulated each element of its claims does not change the fact that Temple Hospital is suing United for breach of contract. The duty to perform under a contract is a matter entirely distinct from the ERISA morass.

The Court finds that ERISA does not completely preempt Temple Hospital's claims such that the Court would have subject-matter jurisdiction over them. The Court consequently finds that it lacks jurisdiction and **REMANDS** this case to Los Angeles County Superior Court, case number BC533761. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 11, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**